UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY L BROOKINS,<br><br>    Petitioner,<br><br>v.<br><br>STATE OF CALIFORNIA,<br><br>    Respondent. | Case No. 1:17-cv-01724-LJO-JDP<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS<br><br>ECF No. 11<br><br>OBJECTIONS, IF ANY, DUE IN 14 DAYS |

Petitioner Barry L. Brookins is proceeding without counsel on a petition for a writ of habeas corpus under 28 U.S.C. § 2254. This court issued an order requiring respondent to file a response to the petition. ECF No. 4. On March 27, 2018, respondent filed a motion to dismiss setting forth several arguments as to why this case should be dismissed. ECF No. 11. Petitioner filed no response and on June 14, 2018 the court ordered petitioner to respond within 21 days. ECF No. 13. Petitioner again failed to respond.

Under Federal Rule of Civil Procedure 41(b), a district court may dismiss an action for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, failure to comply with the court's local rules, or failure to comply with the court's orders. *See, e.g.*, *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (recognizing federal court's inherent power to "act *sua sponte* to dismiss a suit for failure to prosecute"); *Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's

failure to prosecute or comply with the rules of civil procedure or the court's orders).

Here, petitioner was served with respondent's March 27, 2018 motion to dismiss, ECF No. 11, and the court's June 14, 2018 order, ECF No. 13, directing him to file a response at the address petitioner listed on the docket (C-SATF). On September 28, 2018, petitioner filed a notice of change of address from California Substance Abuse Treatment Facility (C-SATF) in Corcoran, California to Kern Valley State Prison (KVSP) in Delano, California. ECF No. 14. The notice of change of address was dated September 9, 2018, and petitioner indicated that he was in the process of being transferred to KVSP.[1] Thus, it appears that petitioner was properly served at C-SATF with both: (1) respondent's motion; and (2) the court's order. Petitioner merely failed to respond.

We therefore recommend that the petition be dismissed without prejudice for failure to prosecute and failure to obey the court's order.

For these reasons, it is recommended that:

1. the petition be dismissed without prejudice for failure to prosecute and failure to obey the court's order; and
2. the clerk be directed to close this case.

These findings and recommendations will be submitted to the U.S. district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days of service of these findings and recommendations, plaintiff may file written objections with the court. If plaintiff files such objections, he should do so in a document captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *See Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

---

[1] A party must keep his address updated on the docket at all times. *See* Local Rule 183(b). Even if a party's address changes and the party neglects to notify the court of its updated address, service of documents at the prior address listed on the docket is fully effective. *See* Local Rule 182(f).

IT IS SO ORDERED.

Dated: October 11, 2018 /s/ Jeremy Peterson
UNITED STATES MAGISTRATE JUDGE

3